```
                    UNITED STATES DISTRICT COURT
                 FOR THE EASTERN DISTRICT OF VIRGINIA
                          Alexandria Division


BestSweet, Inc.,                    )
                                    )
     Plaintiff,                     )
                                    )
     v.                             )  Civil Action No. 1:09cv942
                                    )
NTI Holdings Corp., et al.,         )
                                    )
     Defendants.                    )
```

Memorandum Opinion

THIS MATTER came before the Court on defendant NTI Holding Corp.'s ("NTI") Motion for Misjoinder (Dkt. 128). The Court has reviewed the pleadings and makes the following findings:

On August 20, 2009, BestSweet Inc. ("BestSweet") filed this lawsuit against NTI. BestSweet's complaint sought a declaratory judgment that NTI did now owe NTI royalties on the manufacture of certain soft-chew neutraceutical products and that NTI is liable for attorney's fees under a license agreement between BestSweet and NTI (the "License Agreement"). On February 19, 2010, BestSweet filed an amended complaint against NTI. BestSweet's amended complaint still sought a declaratory judgment that BestSweet did not owe NTI royalties for the manufacture of certain products and that NTI is liable to BestSweet for attorney's fees under the License Agreement.

Section 7.7 of the License Agreement provides for recovery of attorney's fees by BestSweet based on acts or omissions of NTI. It states: "NTI, together with its successors and assigns, hereby agrees to indemnify and hold BestSweet harmless from and

against all losses, costs, claims, actions, liabilities, including liability for death or personal injury, and expenses (including reasonable attorneys' fees), incurred by BestSweet which result from or arise in connection with: (a) the breach of any representation, covenant or warranty of NTI contained in this Agreement; or (b) any act or omission of NTI's officers, directors, employees or agents."

On or about November 5, 2009, NTI assigned certain of its assets, including the License Agreement, to Nutravail LLC ("Nutravail") (the "Agreement"). The Agreement between NTI and Nutravail assigns NTI's "right, title and interest," and enumerates that this includes "all licenses and permits issued or obtained for the Business" as well as "all of NTI's claims, causes of action, chooses in action, right of recovery and rights of set-off of any kind."

NTI argues that NTI is not a proper party to BestSweet's declaratory judgment suit relating to the License Agreement due to the November 5, 2009 Agreement between NTI and Nutravail. The Court finds, however, that NTI did not relieve itself of its contractual obligations under Section 7.7 of the License Agreement through the November 5, 2009 Agreement with Nutravail.

It is "well established that a party to a contract cannot relieve himself of contract obligations merely by assigning the contract to a third party." *In re LCS Homes*, 103 B.R. 736, 746 (E.D.Va. 1989) (*citing* Am.Jur.2d *Assignments* § 110 (1963); *Marriott v. Harris*, 235 Va. 199, 222, 368 S.E.2d 225, 237 (1988)). Generally, the assignor remains liable under the

contract as a surety.  *Id.* at 746 (*citing Strauss v. Stratojac Corp.*, 810 F.2d 679, 684 n.4 (7th Cir. 1987); *Rock-Ola Mfg. Corp. v. Wertz*, 249 F2d 813, 815 (4th Cir. 1957)(dicta); *Imperial Refining Co. v. Kanotex Refining Co.*, 29 F.2d 193, 200 (8th Cir. 1928)).

Under Virginia law, the parties to a contract remain liable for obligations under the contract unless novation occurs. *See Honeywell, Inc. v. John C. Elliott et al.*, 213 Va. 86, 189 S.E.2d 331 (1972).  Novation is a mutual agreement upon all parties concerned for discharge of a valid existing obligation by the substitution of a new valid obligation on the part of another. *Id.*

The Court finds that the November 5, 2009 Agreement did not relieve NTI of its obligations to BestSweet under the License Agreement.  Therefore, NTI properly remains a party to BestSweet's declaratory judgment suit relating to the License Agreement.

An appropriate Order shall be issued.

ENTERED this 2nd day of July, 2010.

                                                  /s/
                                    THERESA CARROLL BUCHANAN
                                    UNITED STATES MAGISTRATE JUDGE

Alexandria, Virginia